| United States District Court, Northern District of Illinois | | | |
|---|---|---|---|
| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge If Other than Assigned Judge | |
| CASE NUMBER | 02 C 1678 | DATE | March 11, 2003 |
| CASE TITLE | Weisberg v. Jaguar Cars, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum and Order, this Court GRANTS Defendant Jaguar's Motion to Dismiss Plaintiff's Amended Complaint [22-1] as to Counts I-III with prejudice and Count IV without prejudice. It is so ordered.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 18 2003 | |
| | Notified counsel by telephone. | | date docketed | 25 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| RTS | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
MAR 1 8 2003

| | |
|---|---|
| DONALD WEISBERG, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Hon. Blanche M. Manning |
| JAGUAR CARS, INC., | ) ) 02 C 1678 |
| Defendant. | ) ) ) |

## MEMORANDUM AND ORDER

This matter comes before this Court on Defendant Jaguar Cars, Inc.'s ("Jaguar") Motion to Dismiss the Amended Complaint filed by Plaintiff Donald Weisberg ("Weisberg"), pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the Motion to Dismiss is GRANTED.

## BACKGROUND[1]

On or about April 30, 2001, Howard Orloff Jaguar arranged for Weisberg to lease ("the Lease") from Jaguar Credit ("the Lessor") a 2001 Jaguar XKR ("XKR"), manufactured and distributed by Jaguar, for valuable consideration. The gross capitalized lease cost of the XKR, including collateral charges such as bank and finance charges, totaled more than $96,241.84. The Lease stated that Weisberg had no ownership rights in the XKR unless he exercised an option to purchase the XKR for $48,448, at the end of the lease period (48 months). The Lessor purchased the XKR from Jaguar to lease to Weisberg, receiving the written warranty including four years or fifty thousand mile bumper to bumper coverage and other warranties outlined in Jaguar's New Vehicle Limited Warranty booklet.

---

[1] The facts set forth in the Background section are taken from Weisberg's Amended Complaint.

The Lessor transferred the XKR, which had 20 miles on the odometer, to Weisberg and assigned its rights in Jaguar's written warranty to him. Shortly thereafter, Weisberg experienced several defects which substantially impaired the value of the XKR. As a result, Weisberg brought the XKR to an authorized service dealer of Jaguar for repairs. Weisberg provided Jaguar's service dealers multiple opportunities to repair the defects in the XKR. Jaguar, however, was unable to repair the XKR causing Weisberg to revoke acceptance of the XKR in writing. Jaguar refused Weisberg's demand for revocation, and the XKR continues to display the alleged defects.

On February 13, 2002, Weisberg filed a four count complaint against Jaguar in the Circuit Court of Cook County, Illinois. The case was removed to this Court on March 7, 2002. On June 7, 2002, Weisberg filed an Amended Complaint alleging that Jaguar: (1) breached the written warranty and implied warranty in violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §2301, et seq. ("the Act") (Counts I and II); (2) violated Weisberg's right to revocation of acceptance under the Act (Count III); and (3) violated the Illinois New Vehicle Buyer Protection Act, 815 ILCS 380, et seq. ("Illinois Lemon Law") (Count IV).

## STANDARD OF REVIEW

In ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must assume the truth of all facts alleged in the complaint, construing allegations liberally and viewing them in the light most favorable to the plaintiff. See, e.g., McMath v. City of Gary, 976 F.2d 1026, 1031 (7th Cir. 1992); Gillman v. Burlington N. R.R. Co., 878 F.2d 1020, 1022 (7th Cir. 1989). Dismissal is properly granted only if it is clear that no set of facts which the plaintiff could prove consistent with the pleadings would entitle the plaintiff to relief. Conley v.

2

Gibson, 355 U.S. 41, 45-46 (1957); Kunik v. Racine County, Wis., 946 F.2d 1574, 1579 (7th Cir. 1991) (citing Hirshon v. King & Spaulding, 467 U.S. 69, 73 (1984)).

The court will accept all well-pled factual allegations in the complaint as true. Mirec v. DeKalb County, Ga., 433 U.S. 25, 27 n.2 (1977). In addition, the court will construe the complaint liberally and will view the allegations in the light most favorable to the non-moving party. Craigs, Inc. v. Gen. Elec. Capital Corp., 12 F.3d 686, 688 (7th Cir. 1993). However, the court is neither bound by the plaintiff's characterization of the facts, nor required to ignore facts set forth in the complaint that undermine the plaintiff's claims. Scott v. O'Grady, 975 F.2d 366, 368 (7th Cir. 1992).

## ANALYSIS

Jaguar has moved this Court to dismiss Counts I - III on the grounds that Weisberg has failed to state a cause of action under the Act and Count IV because the Illinois Lemon Law prohibits consumers from bringing actions under both it and the Uniformed Commercial Code. The Court will discuss each of these contentions in turn.

**I.      Magnuson-Moss Warranty Act Claims**

Jaguar contends that Weisberg has failed to state a cause of action under the Act because he has failed to allege that he is a "consumer" or a "buyer" and that no written or implied warranty exists.

The Act permits "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract" to sue warrantors for damages. 15 U.S.C. § 2310(d). The Act defines a "consumer" as:

a buyer (other than for purposes of resale) of any consumer product, any person to
whom such product is transferred during the duration of an implied or written
warranty (or service contract) applicable to the product, and any other person who
is entitled by the terms of such warranty (or service contract) or under applicable
State law to enforce against the warrantor (or service contractor) the obligations of
the warranty (or service contract).

15 U.S.C. § 2301(3). Consequently, to qualify as a "consumer" under the Act, the plaintiff must sufficiently allege that he is: (1) a buyer; (2) a transferee; or (3) a person entitled to enforce the warranty. Diamond v. Porsche Cars North America, Inc., 2002 WL 31155064, *3 (N.D. Ill. Sept. 2002).

Jaguar contends that Weisberg has failed to allege sufficient facts to show that a "sale" has occurred under the Act, and therefore, he does not qualify as a "consumer" under any of the above three tests. Jaguar bases this argument on the Act's definition of warranties. A "written warranty" under the Warranty Act is defined as:

> (A) any affirmation of fact or written promise made in connection with the sale of
> a consumer product by a supplier to a buyer which relates to the nature of the
> material or workmanship and affirms or promises that such material or
> workmanship is defect free or will meet a specified level of performance over a
> specified period of time, or
>
> (B) any undertaking in writing in connection with the sale by a supplier of a
> consumer product to refund, repair, replace, or take other remedial action with
> respect to such product in the even that such product fails to meet the
> specifications set forth in the undertaking,
>
> which written affirmation, promise, or undertaking becomes part of the basis of
> the bargain between a supplier and a buyer for purposes other than resale of such
> product.

15 U.S.C. § 2301(6). The Act defines a "implied warranty" as a warranty "arising under State law . . . in connection with the sale by a supplier of a consumer product." 15 U.S.C. § 2301(7).

Consequently, to have enforceable warranty under the Act, the plaintiff must allege sufficient facts to show that a "sale" occurred. See Diamond, 2002 WL 31155064, *4-6.

Here, Jaguar contends that Weisberg has failed to allege that a sale has occurred, and therefore, he is not entitled to enforce a written or implied warranty under the Act. Although limited, what case law there is on this issue appears to support Jaguar. For example, in DiCintio v. Daimler Chrysler Corporation, 768 N.E.2d 1121, 1124-25 (N.Y. 2002), New York's highest court held that a "lease" is not a "sale" under the Act, and therefore, the Act did not apply to automobile leases.

Examining the plain language of section 2301, the DiCintio court held that the definition of a "consumer" requires that a "written warranty or implied warranty be in effect." Id. at 1124. Therefore, because both written and implied warranties require there to be a "sale," the court held that "the definition of 'consumer' requires courts to determine whether a 'sale' has occurred." Id. Noting that the Act did not contain a definition of "sale," the court found that the Act was enacted "against the backdrop" of the Uniform Commercial Code ("UCC"). Id. at 1124. Because the UCC requires that title pass in order for there to be a sale, and title does not usually pass in a typical automobile lease, the court held that there was no sale under the Act. Id. Therefore, because there was not a sale, the court held that the leasor could not bring a claim for breach of warranty and revocation of acceptance under the Act. Id.

Following the reasoning in DiCintio, several court's including two in the Northern District of Illinois held that the Magnuson-Moss Act does only applies to automobiles which are purchased and not to leased vehicles. See Voelker v. Porsche Cars North America, 2003 WL 291909, at *3 (N.D. Ill. Feb. 10, 2003); Diamond v. Porsche Cars North America, Inc., 2002 WL

5

31155064, at *3 (N.D. Ill. Sept. 2002); 22 No. 5 Andrews Automobile Litig. Rep. 8 (Sept. 24, 2000) (summarizing ruling by Circuit Court of Cook County, Pearlman v. Volvo Cars of North America, No. 00 L 3232 (Aug. 1, 2002), holding that the Act did not apply to leased vehicles). See also Alpiser v. Eagle-GMC-Isuzu, Inc., 389 S.E.2d 293, 295 (N.C. Ct. App. 1990). These decisions are consistent with other decisions which hold that the Act does not apply to the leases of equipment other than automobile leases. See D.L. Lee & Sons v. ADT Sec. Sys., 916 F. Supp. 1571, 1580 (S.D. Ga. 1995) (Act did not apply to lease of alarm system); Sellers v. Frank Griffin AMC Jeep, Inc., 526 So.2d 147, 156 (Fla. App. Ct. 1988) (same); Corral v. Rollins Protective Servs. Co., 732 P.2d 1260, 1267 (Ka. 1987) (same).

Here, this Court finds the reasoning set forth in the above cases persuasive and holds that the Act does not apply to the Lease. Therefore, this Court GRANTS Defendant Jaguar's motion to dismiss Counts I-III.

## II. Illinois Lemon Law Claim

Jaguar also moves to dismiss Weisberg's state law claim under the Illinois Lemon Law (Count IV) on the grounds that the Illinois Lemon Law prohibits consumers from bringing actions under both it and the UCC. The Court need not address this issue. Because this Court dismissed Counts I-III and the only remaining claim (Count IV) arises under Illinois state law, the Court declines to exercise supplemental jurisdiction over this one remaining claim. See Voelker, 2003 WL 291909, at *4 (declining to exercise supplemental jurisdiction over state claims after dismissing claims under the Act); Diamond, 2002 WL 31155064, at *6 (same). Consequently, this Court dismisses Court IV without prejudice.

## CONCLUSION

For the foregoing reasons, this Court GRANTS Defendant Jaguar's Motion to Dismiss Plaintiff's Amended Complaint [22-1] as to Counts I-III with prejudice and Count IV without prejudice. It is so ordered.

ENTER:

_____
BLANCHE M. MANNING
U.S. DISTRICT COURT JUDGE

DATE: 3-11-03